```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

JOSEPH P. SCHIMMINGER,            :
                                  :    Civil Action No. 11-36 (RMB)
            Petitioner,            :
                                  :
         v.                        :    **OPINION**
                                  :
CAMDEN COUNTY PAROLE OFFICE,      :
et al.,                            :
                                  :
            Respondents.           :

**APPEARANCES**:

    **JOSEPH P. SCHIMMINGER**, Petitioner pro se
    401 E. Gibbsboro Road, Apt. 604
    Lindenwold, New Jersey 08012

**BUMB**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by petitioner Joseph P. Schimminger, on or about January 5, 2011. At the time he filed this habeas petition, Petitioner was confined at the Camden County Correctional Facility in Camden, New Jersey. He has since been released from jail. The named respondents in the petition are the Camden County Parole Office, Officer Robert Murphy, Officer Malloy and Officer Carozza. Petitioner failed to pay the $5.00 filing fee, or submit a complete application to proceed in forma pauperis.

                               I.  BACKGROUND

According to the allegations contained in the petition, Petitioner appears to challenge the terms or conditions of the

parole issued pursuant to his New Jersey state court sentence. Namely, Petitioner complains that he is not permitted to have any contact with his fiancee and that he had to move from his mother's house because his sister lives next door with three children. (Petition, ¶ 10a and b).

Petitioner states that his sentence was imposed on January 29, 2010. He does not allege that he filed any direct appeal from his conviction or sentence, or that he sought administrative or state court review of the terms and conditions of his parole, which he now challenges.

## II.   ANALYSIS

### A.   Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   Failure to Exhaust State Court Remedies

Petitioner brings this habeas petition pursuant to 28 U.S.C. § 2241, the general habeas statute.  However, because Petitioner actually is challenging the terms and conditions of a state court sentence of parole, his habeas petition is more appropriately characterized as a habeas action under 28 U.S.C. § 2254.  Indeed, a petitioner's challenges to the terms of parole amount, in effect, to challenges to the lawfulness of his custody, which must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2254, following exhaustion of state remedies.  See, e.g., Arnett v. Kemp, 121 Fed. Appx. 658 (7th Cir. Dec. 20, 2004); Benke v. Norris, 230 F.3d 1362 (Table), 2000 WL 1286258 (8th Cir. Sept. 13, 2000).

Here, Petitioner challenges the terms of his parole sentence, which restricts his contact with his girlfriend and his sister's children.  However, Petitioner does not allege that he has sought administrative or state court review of the terms of his parole.  He admits that his sentence was imposed on January 29, 2010, just 14 months ago.

Section 2254 habeas petitions require exhaustion of state court remedies before proceeding in federal court.  Exhaustion of state remedies has been required for more than a century, since

3

the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose, 455 U.S. at 516-18, and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217 (April 24, 1996). The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v.. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

In this case, it is apparent from the face of the petition that Petitioner has failed to exhaust his state court remedies with regard to his complaints concerning the terms of his parole. Moreover, Petitioner has not demonstrated that there is an absence of available state corrective processes before proceeding in this federal court. See 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).

Therefore, where Petitioner has failed to exhaust his state court remedies before bringing this federal habeas petition under § 2254, his petition must be dismissed without prejudice.

III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that Petitioner has failed to exhaust his state remedies before bringing this

federal habeas petition.  Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

For the foregoing reasons, the petition for habeas relief under either 28 U.S.C. § 2241 (as asserted by Petitioner) or 28 U.S.C. § 2254 (as more properly construed by this Court) will be dismissed without prejudice.  This Court makes no determination as to the merits of petitioner's claims.  No certificate of appealability will issue.  An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED:  April 21, 2011